W. E. WORLEY ET AL. v. J. R. BOYD ET AL., BOARD OF COMMISSIONERS OF HAYWOOD COUNTY; VIRGE McCLURE ET AL., ROAD COMMISSIONERS OF BEAVERDAM TOWNSHIP.

(Filed 29 December, 1916.)

1. Roads and Highways—Statutes—Interpretation—County Commissioners—Damages—Petition.

Where legislative authority is given the county commissioners to construct, etc., the public roads of the county, levy taxes for the purpose, and to appoint juries of view to assess damages to the landowners, with right of appeal, and to pay such damages from the general county fund; and by a later statute enacted for the greater improvement of the roads of a township, a "township road commission" is created therefor, giving them full control and management of the roads, providing for a bond issue for the purpose of macadamizing, etc., which had been duly put into effect, and with further provision "that the land may be condemned and used by said road commission, as provided by the general law" of the county: *Held*, the statutes should be construed together, and as a whole constitute the road law of the county, and thereunder it becomes the duty of the county commissioners to act upon the petition of the owners of the lands taken, and appoint the viewers for the assessment of their damages, with right of appeal, the damages to be paid out of the county general road fund.

2. County Commissioners—Roads and Highways—Mandamus.

A mandamus will lie against the board of county commissioners to compel them to perform their official duty to act upon the petition of owners of land to have their damages, arising from the construction, etc., of the public roads, assessed according to the method prescribed.

PETITION for mandamus, heard on facts stated and admitted in the pleadings, before *Harding, J.,* at July Term, 1916, of HAYWOOD.

The plaintiffs, landowners of Beaverdam Township, had duly filed their petitions before the board of commissioners of Haywood County and before the road commissioners of Beaverdam Township, praying that they appoint a jury of view to assess damages done to their lands lying in said township and caused by the laying out certain highways over the same, pursuant to a special road law of the township. Chapter 325, Public-Local Laws 1915, and the general road law of the county. Laws 1905, ch. 771. And also for payment of said damages when properly assessed, etc. Both boards having refused to act in the matter and claiming that the duty properly lay with the other body, the present proceedings were instituted to compel action in the premises and the payment of the amount awarded, etc.

There was judgment directing the board of county commissioners to proceed and have damages assessed, and reserving the question as to who should pay the same, and all parties appealed, assigning error.

*J. T. Horney and John M. Queen for plaintiff.*
*Morgan & Ward for county commissioners.*
*Smathers & Clark for road commissioners.*

HOKE, J., after stating the case: In chapter 771, Public Laws 1905, provision is made for laying out, constructing, and keeping in repair the public roads of Haywood County, except the township of Waynesville, which is chiefly regulated and, to a large extent, constituted a special road district by chapter 375, Laws 1903. This statute of 1905 is a combination system for constructing and maintaining the public roads by taxation and labor, and the tax collected is made and styled a special road fund, in the care and control of the board of county commissioners. Section 15 of the act confers power on the proper county authorities and their agents to "locate, relocate, widen, or otherwise change any part of any public road," and ample and minute provision is made for the assessment of damages by a jury of view, designated by the county commissioners, on petition of any person where lands may have been taken for the purpose indicated, and direction is given for payment of such damages (if any above benefits) out of the general road fund of the county. And section 16 contains provision for appeal without bond from the award of the jury to the county commissioners, and from this last body to the Superior Court of Haywood County. In 1915 the citizens of Beaverdam Township in Haywood County, desiring to enter upon a more aggressive and efficient system of road improvement, an act was passed, chapter 325, Public-Local Laws 1915,

authorizing, on approval of the township voters, a bond issue of said township of $50,000 for the purpose of "macadamizing, grading, and otherwise constructing and improving the public roads of the township," and vesting the management and control of the roads of the township in a "township road commission" composed of five members, with power in the board of county commissioners to fill vacancies, etc., and with some other rights of supervision not involved in this appeal. While this statute confers upon the local board large powers in the management and control of the public road system of the township, in the way of grading, construction, improvement, and maintenance, in reference to condemning land for the purpose of roads, the statute, section 16, contains provision only in general terms, as follows: "That land may be condemned and used by said road commissioners as provided by the general law of Haywood County."

The bond issue having been approved by the voters, the bonds sold and the proceeds turned over to the township board, they have entered on the discharge of their duties, have constructed several new roads in the township, taking over the lands of adjoining owners when the public interest required it, and, on petition filed by plaintiff and some of the other landowners for an award of damages, both official boards have refused to entertain or act on the petition, each claiming that the duty is incumbent on the other.

A perusal of this legislation will disclose, further, that, in addition to the obligation to pay the interest on their bond issue, the taxpayers of Beaverdam Township are still required to pay and have paid their proportionate share of the tax constituting the "road fund" provided for in the general road law. It is the recognized principle that these statutes, being on the same subject and more especially when making direct reference to each other, are to be construed together, and, as a whole, shall constitute the road law of Haywood County, *Dickson v. Perkins, ante,* 359; *Keith v. Lockhart,* 171 N. C., 451; and considering this legislation in that aspect, we do not hesitate to hold that when land is taken over for the purpose of public roads, the petitions for the award of damages shall be preferred to the county commissioners; that they shall appoint the jury of view, with right of appeal, as stated, and that the sum awarded shall be paid out of the general road fund, as directed by sec. 15, ch. 771, Laws 1905. Not only is this the permissible and primary meaning of the language of the section more directly bearing on the question, but the position is strengthened and confirmed by reference to other portions of the law and by the facts and attendant conditions relevant to its interpretation—circumstances to be properly considered whenever the language of a statute is

sufficiently ambiguous to permit of construction. *Simmons v. Groom,* 167 N. C., 271.

Thus it will appear that while the authority conferred on the township board is very large, extending, no doubt, to the taking over of land for the purpose, in the first instance, the full right of condemnation is not among the enumerated powers of the local board, nor is the payment of the damages assessed among the enumerated purposes for which they are permitted to spend the moneys committed to their control. Furthermore, as the taxpayers of Beaverdam are required to pay their full proportion of taxation for the general road fund, in addition to their liabilities on the bond issue, it is but right and just that the payment of damages for condemnation of land for a new road or a change of an old one, and which will constitute, for all purposes of convenience and travel, a part of the county road system, shall be paid for out of the general road fund as the statute contemplates.

We are of opinion, therefore, that to obtain compensation for lands taken over for the purpose of these highways, the petition shall be filed before the board of county commissioners, who shall appoint the jury of view, and the damage, when finally assessed, shall be paid by said commissioners out of the general road fund of the county. The board of commissioners of the county having declined to act on petition, properly preferred pursuant to the statute, petitioners have resorted to appropriate proceedings by mandamus to compel the performance of official duty. *Board of Education v. Comrs.,* and authorities cited, 150 N. C., pp. 116-121; *S. v. Sermons,* 169 N. C., 288.

This will be certified, that the judgment directing the appointment of a jury to assess the damages be affirmed, and that judgment be entered, further, that when said damages have been finally assessed pursuant to law the same shall be paid out of the general county road fund, and the costs of appeal shall be paid in like manner.

Modified and affirmed.